# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

GLADIS PERSON,

       *Plaintiff*,

vs.

NCO FINANCIAL SYSTEMS, INC.,

       *Defendant.*

Case No. 10-2419-EFM

**ORDER**

    Presently before the court is Plaintiff's motion for order of judgment including attorneys fees and costs (Doc. 19). For the following reasons, the court grants the motion.

    Plaintiff brought claims against Defendant pursuant to the Fair Debt Collection Practices Act, which directs that attorney's fees and costs be awarded to a Plaintiff that successfully enforces an action.[1] On February 1, 2011, Plaintiff accepted and filed a Fed.R.Civ.P. 68 Offer of Judgment from the Defendant in the amount of $1,250.00 plus reasonable attorney's fees and costs. According to Plaintiff, the parties attempted to resolve the attorney fee and costs issue, but were not successful. Plaintiff now brings this action for fees and costs. Defendant failed to respond.

    The court's authority to award attorneys' fees and costs in this case is a function of the parties' agreement reached through the Rule 68 procedure. A court is to enforce a Rule 68 agreement guided

---

[1] 15 U.S.C. § 1692k(a)(3).

by common principles of contract law.[2] "Unambiguous contracts are enforced according to their plain, general, and common meaning in order to ensure the intentions of the parties are enforced."[3] "Reasonable rather than unreasonable interpretations of contracts are favored," and "[r]esults which vitiate the purpose or reduce the terms of a contract to an absurdity should be avoided."[4] The court construes the Rule 68 agreement in this case as entitling the plaintiff to recover his costs and attorneys' fees that had accrued as of the offer of judgment and that are deemed reasonable as a result of either the parties' agreement or the court's determination. As to what is reasonable, the agreement is silent, so the court will give this term its common meaning as generally recognized in the case law.

The determination of a reasonable award of attorney fees begins with calculating the "lodestar," that is, "the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate."[5] The party seeking fees has the burden of proving the amount of hours spent and the reasonableness of the same.[6] "[T]he party must submit 'meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.'"[7] "[T]he overriding consideration ... [is]

---

[2] *See Medina v. Housing Authority of San Miguel County*, 974 F.2d 1345, 1992 WL 218990, at *2 (10th Cir.1992); *Lintz v. American General Finance, Inc.*, 76 F.Supp.2d 1200, 1212 (D.Kan.1999).

[3] *Neustrom v. Union Pacific R. Co.*, 156 F.3d 1057, 1063 (10th Cir.1998) (quoting *Hall v. JFW, Inc.*, 20 Kan.App.2d 845, 893 P .2d 837, 840 (1995)).

[4] *In re Villa West Associates*, 146 F.3d 798, 803 (10th Cir. 1998) (quoting *Kansas State Bank & Trust Co. v. DeLorean*, 7 Kan.App.3d 246, 640 P.2d 343, 349 (1982)).

[5] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir.2000) (citation omitted).

[6] *Id.*

[7] *Id.* (quoting *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1249 (10th Cir.1998)).

whether the attorney's hours were 'necessary' under the circumstances," which requires a court to determine "what hours a reasonable attorney would have incurred and billed in the marketplace under similar circumstances."[8]

"When determining the appropriate rate to apply to the reasonable hours, 'the district court should base its hourly rate award on what the evidence shows the market commands for ... analogous litigation.'"[9] The burden is with the applicant to show that the requested rates are reasonable, that is, they "are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[10] "The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area."[11]

The Court finds that plaintiff has submitted evidence that a reasonable amount of time was spent on this litigation. Calculating the lodestar also requires the court to examine the hourly rate requested by the plaintiff, which is $250 per hour. In examining the hourly rate, the court is to refer "to the prevailing market rates in the relevant community."[12] The relevant community is the place where the litigation occurs.[13] "The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in

---

[8] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir.1998).

[9] *United Phosphorus, Ltd.*, 205 F.3d at 1234 (quoting *Case*, 157 F.3d at 1255).

[10] *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).

[11] *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir.1987) (citation omitted).

[12] *Blum v. Stenson*, 465 U.S. 886, 895 (1984).

[13] *Jayhawk Invs., L.P. v. Jet USA Airlines, Inc.*, No. 98-2153, 1999 WL 974027, at *4 (D. Kan. Aug 25, 1999) (citation omitted).

...

the area in which the litigation occurs would charge for their time."[14]

In this case, Plaintiff submitted an order from another federal district court in Kansas, which found that $250 per hour for his services was reasonable. Additionally, this court is familiar with the prevailing market rates in the Kansas City area and finds that the rate is reasonable. Applying this rate to the number of hours reasonably spent, the lodestar figure is $4,200.00, and the Court finds that an attorney's award in this amount is reasonable. Additionally, the Court will award costs in the amount of $355.71.[15] Thus, taking into consideration the offer of judgment of $1,250.00, the total judgment about owed by defendants is $5,805.71.

**IT IS ACCORDINGLY ORDERED** that Plaintiff's motion order of judgment including attorneys fees and costs (Doc. 19) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 18th day of August, 2011, in Wichita, Kansas.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] *Case*, 157 F.3d at 1256.

[15] The costs cover the court filing fee of $350.00 and the process service fee of $5.71.